

FEB 2 8 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JAAME AMUN RE EL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-0381 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

The Court construes the petitioner's submissions, one styled a Petition for a Writ of Habeas Corpus and the other a Complaint, as a challenge to the petitioner's criminal conviction, sentence, and current incarceration. To the extent that a remedy is available to the petitioner, his claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A separate order of dismissal accompanies this Memorandum Opinion.

DATE: February 27, 2019

[signature]
United States District Judge